# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1909-19T6

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANDRE THOMPSON,

     Defendant-Appellant.

_____

Argued telephonically February 4, 2020 –
Decided February 12, 2020

Before Judges Fisher, Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 19-06-1769.

Scott Michael Welfel, Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Jessica C. Frisina, Assistant Deputy Public Defender, of counsel and on the brief).

Matthew E. Hanley, Special Deputy Attorney General/ Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Acting Essex County Prosecutor, attorney; Matthew E. Hanley, on the brief).

PER CURIAM

We granted leave to appeal on an emergent basis the trial court's December 27, 2019 and January 7, 2020 orders, granting excludable time based on the prosecution's delay in providing English translations of statements taken from four Portuguese- or Spanish-speaking witnesses in discovery.[1] At first blush, the appeal suggested a need for this court to determine whether or when the prosecution is <u>obligated</u> by rule or by due process to provide translations of statements spoken in languages the defendant does not understand.[2] But we find it unnecessary to decide that question because the record reveals that, regardless of what it was <u>obligated</u> to do, the prosecution <u>agreed</u> to undertake the task of providing English translations when the parties were in court on September 20, 2019. Because the prosecution so agreed, we need only determine whether there was an unreasonable delay in the fulfillment of its promise.

According to the circumstances outlined in the trial judge's January 8, 2020 written decision, during the course of an investigation of three robberies

---

[1] The State's brief suggests there were only three victims, while the defendant in his brief, and the trial judge in his opinion, refer to four victims. This discrepancy has no bearing on our disposition of this appeal.

[2] We assume, as argued, that defendant is familiar with only English.

A-1909-19T6

that occurred on or between April 11 and 14, 2019, Newark police spoke at the scene with four alleged victims, all of whom spoke Portuguese and made statements in that language to investigating officers either directly or with the help of community members. Some or all of the alleged victims later gave formal recorded statements and participated in photo array procedures conducted by either Portuguese-speaking or Spanish-speaking police officers. Complaint-warrants charging defendant with the three robberies thereafter issued, and defendant was arrested on April 18, 2019.

The State moved to have defendant detained; that motion was granted on April 24, 2019. On June 28, 2019, the grand jury returned an indictment charging defendant with three counts of second-degree robbery, N.J.S.A. 2C:15-1, and defendant was arraigned on July 12, 2019.

On September 18, 2019, defense counsel emailed the prosecution, detailing outstanding discovery, including English translations of the alleged victims' statements and identifications. At a status conference two days later, the judge inquired about discovery, and defense counsel outlined what had not been provided, including an English translation of the alleged victims' statements and the identification procedures. The prosecutor responded:

> The State continues to follow up with respect to these items and the most pressing item would be the

A-1909-19T6

> English/Portuguese/Spanish translations of the victims'
> statements, as well as photo array procedures.
>
> Judge, the State has been informed that our premier
> transcript service that we utilize does not do Portuguese
> translations or transcriptions. We . . . are in the process
> of looking outwardly to other translation services and
> do require – do request some time to get those
> transcripts in place, Judge.

Defense counsel urged the importance of the translations, advising the judge that there "may be a Wade[3] motion depending on my review of the photo array and video, but I don't understand [how identifications were made] at this point, so I can't make a motion on that end." There was no further discussion along these lines; the judge requested that any motion – including a potential Wade motion[4] – be filed "within ten days of [defendant] getting any of that discovery."

On October 25, 2019, the trial judge started another status conference by asking defense counsel whether she had "received the Portuguese transcripts yet." The answer was no, so the judge asked the prosecutor when the transcripts would be provided. The prosecutor responded that the state would require

> an additional five-week adjournment. Given the nature
> of the request, we had to first get an estimate regarding

---

[3] United States v. Wade, 388 U.S. 218 (1967).

[4] We were told at oral argument that such a motion was filed on January 12, 2020, and that defendant's brief in support of his motion was filed by counsel on February 3, 2020.

A-1909-19T6

the actual transcription and translation, Judge, as well as get significant signatures from the higher ups to get that request through. So, as such, we are requesting an additional five weeks and, in the meantime, the State . . . will be turning over other outstanding discovery, Judge.

Defense counsel expressed concern about defendant's speedy trial rights, observed that his release date would be December 24, 2019, and added that she had "been very clear . . . about this [with the prosecutor] in terms of the transcripts we have been waiting for":

We are not consenting to excludable time. Obviously, if motions are filed, that may trigger excludable time but I just wanted to make the [c]ourt aware of what timeline we're working on and we are not consenting to excludable time.

And, to that, the prosecutor responded by acknowledging that her office was "obtaining these transcripts at the . . . defense attorney's request." The judge made no ruling at that time; another status conference was scheduled.

At the November 22, 2019 status conference, the prosecutor spoke about what she acknowledged to be "the most paramount piece of discovery that's outstanding," namely, "the side-by-side transcription translation of the victim[s'] statement, the body-worn camera, and the photo array procedure." The prosecutor then advised that she had spoken "with higher ups" in the prosecutor's office and reported that those "higher ups" responded that the prosecutor's office

5

"will not be able to spend the money that is required in order to obtain these transcripts translations."  The prosecutor also stated that the State would be "requesting excludable time."

Defense counsel then argued the right to not just discovery but "meaningful discovery" and that it was not meaningful to provide something "that is inaccessible," such as statements in languages other than English. Defense counsel alluded to a desire – previously stated – to file a <u>Wade</u> motion, but that she had been unable to so proceed because she could not understand the Portuguese statements and had no understanding of how her client was identified.  Defense counsel also expressed the obvious:  that the prosecution would need to provide translations prior to trial and, of course, in response to any relevant motion, such as a <u>Wade</u> motion.  Consequently, defense counsel urged the judge to order the prosecutor "to provide those transcripts, so that we can make progress on this case."  Defense counsel added that the delay was caused by the prosecution and that defendant would not consent to an award of excludable time.  The judge made no ruling, directing instead that written motions be filed.

On December 20, 2019, prior to hearing the parties' arguments about excludable time, it was confirmed that the translated transcripts had been

provided by the prosecution to defense counsel the day before. By way of its motion, the State sought an order declaring as excludable time the period between September 20, and November 22, 2019, and the period between November 29, and December 20, 2019, claiming it was "not required to" provide the translations by either subpart (E) or (G) of Rule 3:13-3(b)(1), but did so only "as a courtesy to the defense." Thus, according to the prosecution, the delay caused by the alleged difficulties in providing the translations fell within the "good cause" catchall provision of the excludable-time rule and statute. See R. 3:25-4(i)(12); N.J.S.A. 2A:162-22(b)(l).

The defense responded by referring to the prosecution's agreement to provide the transcripts, that the essence of the court rules is that discovery be provided in a meaningful way, and that the prosecution is not entitled to excludable time when failing to provide discovery, citing Rule 3:25-4(i) (last paragraph). See also N.J.S.A. 2A:162-22(b)(2). The judge reserved decision.

Three orders and a written opinion were issued by the trial judge in the days that followed:

- On December 27, 2019, the judge entered an order that granted the prosecution excludable time "for the period of time between September

20, 2019[,] and November 22, 2019[,] a total of 64 days."[5]

- On January 7, 2020, the judge entered an order that also permitted excludable time for "the period of time between December 20, 2019[,] and December 27, 2019[,] a total of 8 days."

- On January 8, 2020, the judge denied defendant's motion for a stay pending appeal.

- On January 8, 2020, the judge also issued a written decision that memorialized his excludable time rulings.

In ruling on the excludable time request, the judge concluded that the prosecution met its rule-based discovery obligations when it turned over the alleged victims' untranslated statements. Accordingly, the judge ruled that the time between defendant's September 20 request for translations and the filing of defendant's November 22 motion was excludable, a period of sixty-four days. He also held that he would allow another eight days, apparently representing the time from the prosecution's motion for excludable time to its disposition by order entered on December 27.

---

[5] In response to our inquiry after oral argument in this appeal, we were advised that another order in the record – which terminated that excludable time period not on November 22 but on December 22 – was entered by mistake.

We granted defendant's motion for leave to appeal on January 14, 2020, and placed it on our February 4, 2020 plenary calendar. We heard argument by telephone at that time.

As noted at the outset, the appeal initially appeared to require consideration of interesting issues about the meaning and scope of subsections (E) and (G) of Rule 3:13-3(b)(1), and whether or to what extent those provisions apply to the discovery of translations of statements given in a language other than that spoken or understood by the accused. We note that neither subsection clearly defines whether or when the prosecution must provide translations of witness statements. Subsection (E) requires that the prosecutor provide discovery at the indictment stage of various listed items "including, but not limited to, . . . video and sound recordings . . ., and any other data or data compilations stored in any medium from which information can be obtained and translated, if necessary, into reasonably usable form" (emphasis added). Plausible arguments could be made that this provision would require the prosecution at the indictment stage to provide translations of statements into defendant's language, but plausible arguments could also be made that the verb "translate[]" in this context refers only to a transfer of content from an electronic format into something that can be read or understood by the accused.

A-1909-19T6

Subsection (G) obligates the prosecution to provide the "record of statements, signed or unsigned, by such persons or by co-defendants," but that "transcripts of all electronically recorded co-defendant and witness statements" be provided "by a date to be determined by the trial judge, except in no event later than 30 days before the trial date. . . ." These directives might plausibly suggest the prosecution need not provide a transcript of a witness's statement in a language understood by the accused until a later date. If that is the correct interpretation, we need not spell out the Sixth Amendment issues such a delay would create, nor the practical effect of precluding a meaningful plea agreement until understandable versions of the witnesses' statements are revealed to the defense.

Of course, regardless of what our discovery rules require, due process concepts always apply, and there can be little doubt that, in such a case, a court may order the prosecutor to produce a witness's statement in a language understood by the accused in a manner and at a time as fundamental fairness dictates. See, e.g., United States v. Mosquera, 816 F. Supp. 168, 173 (E.D.N.Y. 1993).

In the circumstances presented, however, we find no need to ascertain what the rules and due process principles obligated the prosecution to do at the

10

time of the indictment or later, on September 18, 2019, when the defense requested, by email, a translation of the alleged victims' statements and the identification procedures. The prosecution did not refuse the request, nor did it then argue it was under no obligation, either by way of the court rules or due process concepts, to provide translations. Instead, as noted in the portions of the status conferences quoted above, the prosecution <u>agreed</u> to provide translations. So, the appeal before us does not require that we interpret <u>Rule</u> 3:13-3 or limn the scope of due process in this setting. We need only determine whether the prosecution is entitled to an award of excludable time for the time that passed from when it first promised to provide translations to the day it actually provided what it promised.

In answering that question, we start with the premise that a prosecutor's failure "to provide timely and complete discovery shall not be considered excludable time unless the discovery only became available after the time established for discovery." <u>R.</u> 3:25-4(i).[6] Because the translations were not available to the prosecution when requested by the defense, there is no doubt that this provision was implicated. But it is also readily apparent that the lion's

---

[6] We quote from the stand alone provision that immediately follows subparagraph (i)(13) of <u>Rule</u> 3:25-4. <u>See also</u> N.J.S.A. 2A:162-22(b)(2).

share of the time between the September 18 request and the December 19 turnover must be placed at the prosecution's doorstep. As the transcripts of the status conferences reveal, the prosecution agreed to provide translations on September 20, and again on October 25, and did not utter a discouraging word until November 22, when the prosecutor revealed that no steps had been taken to obtain the translations because on November 22 she represented to the judge that her "higher ups" had not approved the expenditure. That unnecessary delay between September 20 and November 22 cannot form the basis for excludable time because the prosecution did not have "good cause" for allowing that delay to occur. R. 3:25-4(i)(12). That time elapsed only because the prosecution woefully failed to fulfill its promise, having assured the trial judge and the defense during that time frame that the translations would be forthcoming.

On the other hand, we have no reason to question the reasonable amount of time running from when the prosecutor actually sought to procure the translations and their turnover to the defense. It would appear that at some point after November 22, the prosecution believed it appropriate to seek translations and a short time later obtained transcripts from an interpreter. So it appears that from the time the prosecution first attempted to fulfill its September 20 promise until its actual fulfillment appears to be no more than approximately thirty days,

12

i.e., from sometime after November 22 to the turnover on December 19. Consequently, we conclude that the award of sixty-four days of excludable time was erroneous.

In vacating the December 27, 2019 and January 7, 2020 orders, we remand for the judge's determination of the time that accrued from the day after November 22 that the prosecutor actually pursued production of the translations until the day the translations were completed and available to be turned over to the defense. Only that time may be excluded. The judge, however, may also reconsider the eight days of excludable time permitted during which the prosecution's motion for excludable time was pending in light of our determination. In other words, the judge may reconsider whether it is still appropriate to allow the prosecution those eight days of excludable time – for the time that elapsed from the prosecution's filing of the excludable time motion until its disposition – when, in large part, the motion was without merit.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1909-19T6